UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Barry Mitchell Page,

    Defendant.

ORDER
Crim. No. 03-414 (MJD/JGL)

_____

Chris S. Wilton, Assistant United States Attorney for and on behalf of the United States of America.

Defendant pro se.

_____

The above-entitled matter comes before the Court upon the Defendant's motions to Arrest Judgment under Federal Rule of Criminal Procedure 34 and to Vacate Judgment and Dismiss the Indictment.

A motion to arrest judgment pursuant to Federal Rule of Criminal Procedure 34 must be filed within seven days after the Court accepts the verdict. The verdict in this case was rendered and accepted by the Court on January 4, 2005 and the instant motion was filed four months later on May 5, 2005.

Defendant argues that on the day the verdict was rendered, the Court informed Defendant that the Court would hear any motions on the date of sentencing.  Defendant argues that this comment by the Court constitutes an extension to file a Rule 34 motion.  Notifying a party when a motion will be heard is not the same as a filing deadline.  As the Court did not specifically state that the filing deadline under Rule 34 would be extended, no such extension was allowed.  Accordingly, Defendant's motion under Rule 34 is untimely.

Defendant also moves to vacate the judgment and dismiss the Indictment based on the argument that the Indictment did not properly include any reference to 18 U.S.C. § 921(a)(6).  This statutory provision provides a definition for "short-barreled shotgun"; it does not proscribe the possession of a such a firearm.  Defendant was charged in the Superseding Indictment as a felon in possession of a "sawed-off Remington 1100 12-gauge shotgun" in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  The relevance of § 921(a)(6) is that it provides a possible sentencing enhancement pursuant to the United States Sentencing Guidelines Section 2K2.1(b)(3).  Accordingly, Defendant's argument that he was convicted of an offense not listed in the Indictment is incorrect.

IT IS HEREBY ORDERED that the Defendant's Motion to Vacate Judgment and to Dismiss the Indictment [Doc. No. 138] and Motion to Arrest Judgment Pursuant to Rule 34 [Doc. No. 145] are DENIED.

Date: June 27, 2005

s/ Michael J. Davis
Michael J. Davis
United States District Court
